IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW PETER LASKARIS, | ) | |
|     Petitioner, | ) | Civil Action No. 09-22 Erie |
| | ) | |
|     v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| BRADLEY FOULK, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**[1]

Before the Court is Andrew Peter Laskaris' Petition For Writ Of Habeas Corpus [ECF No. 1], which he has filed pursuant to 28 U.S.C. § 2254. He raises the following claims: 1) violation of his speedy trial rights; 2) he never had a preliminary hearing; 3) the prosecutor never verified the restitution claim amount; 4) all prior defense counsel refused to verify the restitution claim amount; 5) pre-trial counsel pursued his own agenda in these criminal proceedings by refusing to provide due process in the proceeding and under the Constitution, Petitioner had speedy trial rights and the right to a preliminary hearing and pre-trial counsel failed to protect Petitioner from the bias of the trial court judge; and 6) counsel failed to challenge the grading of the criminal mischief charge.

---
[1] Respondents have submitted all relevant transcripts and the Common Pleas Court's file, which will be cited to as "CP Dkt. No. __."

1

### A. Relevant Background

On April 9, 2007, at Erie County Court of Common Pleas Docket No. 3181 of 2006, Petitioner entered a no contest plea to one count of criminal mischief (tampering with property) as a misdemeanor of the second degree. James Pitonyak, Esquire, was his attorney. On May 21, 2007, the court sentenced him to serve a term of imprisonment of 2-12 months to be followed by one year of probation.[2] Petitioner did not appeal his judgment of sentence.

The Commonwealth paroled Petitioner on July 19, 2007. He subsequently violated a condition of his parole and, on December 17, 2007, the Court revoked it. His parole revocation sentence was a term of 1-2 years' incarceration. Petitioner appealed his parole revocation sentence to the Superior Court of Pennsylvania. The Common Pleas Court subsequently gave him credit for time served and he discontinued his appeal on April 29, 2008.

On May 22, 2008, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which it appears that he may have raised all of the claims that he now raises in the instant habeas petition. (See CP Dkt. Nos. 26, 30). The PCRA Court appointed William J. Hathaway, Esquire, to represent Petitioner, and Hathaway subsequently filed a "no merit" letter in which he advised the court that in his opinion Petitioner's claims were frivolous. Hathaway further stated that the record bears no basis for Petitioner to legitimately challenge his plea proceeding. (6/12/08 Letter from Attorney Hathaway to the Honorable Ernest J. DiSantis, Jr.).

On June 20, 2008, the PCRA Court granted Hathaway leave to withdraw as counsel and notified Petitioner that it was going to dismiss the PCRA motion without a hearing. (CP Dkt. No. 29). After the PCRA Court dismissed the PCRA motion, Petitioner filed a *pro se* appeal with the Superior Court. (CP

---

[2] On that same day, Petitioner was sentenced at Docket No. 782 of 2007 to a consecutive 12 month probationary sentence.

Dkt. No. 32). That appeal was docketed in the Superior Court at No. 1241 WDA 2008. On March 5, 2009, the Superior Court dismissed the appeal for failure to file a brief. (CP Dkt. No. 34).

In their Answer to the instant habeas petition [ECF No. 12], Respondents contend that because Petitioner did not properly present his claims, or "exhaust" them, before the Superior Court they are procedurally defaulted. Respondents are correct and all of Petitioner's claims should be denied because they are procedurally defaulted.

### B. Discussion

#### (1) The Exhaustion Requirement

A federal habeas court may not grant a state prisoner's petition for a writ of habeas corpus unless he has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). This "exhaustion" doctrine is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002), quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991). Exhaustion "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), quoting Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993), which quoted Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it *to each level of the state courts*. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas

3

Court and then the Superior Court either on direct or PCRA appeal. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

As set forth above, Petitioner failed to exhaust his claims in the Superior Court. He initially pursued an appeal there, but then he abandoned it by failing to file a brief. (CP Dkt. No. 34)

Although, generally, a district court should require that a state prisoner return to state court to exhaust those claims that are not exhausted, see Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the court may "excuse" a petitioner's failure to exhaust as "futile" if it is clear that his claims are now barred from review under state law. Gray v. Netherland, 518 U.S. 152, 161 (1996). Futility is established where "exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." Lines, 208 F.3d at 164.

Requiring Petitioner to return to state court to attempt to fully litigate his claims now would be "futile" because he is foreclosed from doing so under Pennsylvania law. The PCRA expressly limits the availability of relief and requires, with few exceptions not applicable here, that a post-conviction petition be filed within one year of the date a judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Since more than one year has passed since his judgment of sentence became final, any PCRA motion that he might now attempt to file would be untimely and non-reviewable in the Pennsylvania courts. Additionally, if he returned to state court to attempt to litigate the claims at issue in another PCRA motion, the state court likely would determine that he waived the claims. See 42 Pa.C.S. § 9544(b).

### (2) Procedural Default

A finding by a district court that exhaustion is futile often results, as it does here, in a finding that the claims at issue are barred from federal habeas review. The Court of Appeals for the Third Circuit has repeatedly instructed that "claims deemed exhausted because of a state procedural rule are deemed

4

procedurally defaulted." Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner has failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). The doctrine essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule, and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate cause for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[3] As the Third Circuit Court has stated:

> Examples of "cause" that are "external to the defense" include interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim. *Generally, "cause" cannot be based on the mere inadvertence of the petitioner* or petitioner's counsel *to take an appeal*.

Cristin, 281 F.3d at 420 (emphasis added).

---

[3] Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). Where the petitioner pleaded guilty (as in the instant case), he also must establish his actual innocence not only of the count to which he pleaded guilty, but also the other charges the government excused in the plea bargaining process. Bousley v. United States, 523 U.S. 614, 623-24 (1998). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. This is not one of the rare cases in which the fundamental miscarriage of justice rule is implicated.

Petitioner points to no evidence that establishes cause for his default or prejudice stemming therefrom. It appears that he seeks to place blame for the default on Attorney Hathaway because he allegedly "abandoned him." This argument fails. Hathaway followed the appropriate procedure in withdrawing as Petitioner's counsel prior to the appeal being filed, and it was Petitioner, not Hathaway, who failed to file a brief with the Superior Court. Moreover, while the Supreme Court has recognized that attorney error that amounts to ineffective assistance of counsel within the meaning of Strickland v. Washington, 466 U.S. 668 (1984) can constitute cause for relief from procedural default, Coleman, 501 U.S. at 753-54, in the instant case Petitioner cannot rely on any argument that Hathaway was ineffective in order to avoid procedural default. That is because to qualify as "cause" for a procedural default, an attorney's ineffectiveness must rise to the level of a federal constitutional violation. Coleman, 501 U.S. at 753-54. Because Petitioner had no federal constitutional right to representation during his PCRA proceedings, any alleged ineffectiveness on Hathaway's part cannot establish cause for the procedural default. Cristin, 281 F.3d at 420, citing Pennsylvania v. Finley, 481 U.S. 551 (1987); Coleman, 510 U.S. at 752.

In conclusion, all of Petitioner's habeas claims are procedurally defaulted and should be denied for that reason.

### C.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should

6

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as procedurally defaulted. Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully that recommended that the Petition For Writ Of Habeas Corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  May 16, 2011

cc:     The Honorable Sean J. McLaughlin
        United States District Judge